IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. C-06-526 |
| | § | |
| ESEQUIEL CANTU, SR., ET AL. | § | |

### ORDER

Defendants Esequiel Cantu, Jr., has been indicted for narcotics-trafficking offenses in violation of 21 U.S.C. § 841. (D.E. 1). On August 23, 2006, each defendant was scheduled to be arraigned and to have a detention hearing. Because of concerns about the propriety of the proposed representation by each defendant's counsel, the arraignments and detention hearings were rescheduled for August 31, 2006 at 10:00 a.m. Pending is defendant Esequiel Cantu, Jr.'s motion for a protective order and ex parte in camera hearing under seal. (D.E. 57).

### BACKGROUND

On August 21, 2006, Samuel Adamo filed a notice of appearance indicating that he represents Mr. Cantu. (D.E. 25). At the August 23, 2006 hearing, Mr. Adamo also acknowledged that he was being paid to represent Mr. Cantu by his family. The United States expressed concern about this information as Mr. Cantu's father, Esequiel Cantu, Sr., is a target of the investigation. The Assistant United States Attorney indicated that there may be a conflict by such an arrangement. Since that hearing, the United States filed a motion to unseal the indictment, which was granted. (D.E. 45). Esequiel Cantu, Sr. is a co-defendant in this case.

### DISCUSSION

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI; accord Wheat v. United States, 486 U.S. 153, 158 (1988).

This Sixth Amendment right further guarantees that a criminal defendant will be appointed an attorney if that person is unable to afford to hire an attorney. Gideon v. Wainwright, 372 U.S. 335, 343-45 (1963).

When a court is on notice that a possible conflict of interest exists in the representation of a criminal defendant by a specific attorney, it must take adequate steps to safeguard against any conflict developing. See Wheat, 486 U.S. at 160. "Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation." Id. Indeed, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Id.; accord United States v. Vazquez, 995 F.2d 40, 42 (5th Cir. 1993) (per curiam).

The Fifth Circuit, reviewing a conflict in hindsight, determined that "if a criminal defendant is represented at trial by an attorney, either appointed or retained, who labors under an actual, and not merely a potential, conflict of interest, the defendant has been denied effective assistance of counsel as a matter of law." United States v. Martinez, 630 F.2d 361, 362 (5th Cir. 1980). Moreover, prejudice need not be shown. Id.; United States v. Newell, 315 F.3d 510, 516 (5th Cir. 2002).

There is a significant concern about the source of funds used to pay for the legal representation of Esequiel Cantu, Jr. In narcotics-trafficking cases, it is not uncommon for third parties to pay the legal fees of defendants. United States v. Carpenter, 769 F.2d 258, 263 (5th Cir. 1985) (citing In re Grand Jury Proceedings, 680 F.2d 1026, 1027-28 (5th Cir. 1982) (en banc)).

Nonetheless, as the Supreme Court has noted, "[c]ourts and commentators have

recognized the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise." Wood v. Georgia, 450 U.S. 261, 268-69 (1981).  One particular risk, which may be present here, is that the party paying for the legal representation may have interests that diverge from the criminal defendant's interests causing the attorney to sacrifice the defendant's interests.  See id. at 269-70.  Of course, a conflict of interest does not automatically arise when a third party pays for a defendant's legal representation.  Carpenter, 769 F.2d at 263.

Nonetheless, the Fifth Circuit has "long recognized the general rule that matters involving the payment of fees and the identity of clients are not generally privileged." Grand Jury Proceedings, 680 F.2d at 1027 (citation omitted).  It has further recognized "a limited and narrow exception to the general rule, one that applies when the disclosure of the client's identity by his attorney would have supplied the last link in an existing chain of incriminating evidence likely to lead to the client's indictment."  Id.

Defendant's pending motion does not indicate any basis for asserting that divulging the source of funds paying for Esequiel Cantu, Jr.'s legal representation by Mr. Adamo is entitled to some privilege.  Moreover, defendant does not provide any support for his argument that there is some privilege, or that an in camera hearing is appropriate to address this matter.  Indeed, there may be a conflict of interest based upon the information regarding the person paying for Mr. Adamo's legal services that bars him from representing Mr. Cantu.

## CONCLUSION

It is hereby ORDERED that defendant Esequiel Cantu, Jr.'s motion for a protective order and ex parte in camera hearing under seal, (D.E. 57), will be conducted during the hearing set at 10:00 a.m. on August 31, 2006.  During the hearing on this motion, the Court expects to learn the

specific basis for defendant's assertion of privilege as well as the propriety of an in camera hearing to review the matter. Both parties should be fully prepared to address this issue at the hearing.

ORDERED this 30th day of August 2006.

```
                                      _____
                                      BRIAN L. OWSLEY
                                      UNITED STATES MAGISTRATE JUDGE
```